# In the United States Court of Federal Claims

No. 19-1640
(Filed: August 11, 2022)

**NOT FOR PUBLICATION**

```
**************************************
RONALD J. DRISCOLL,              *
                                 *
               Plaintiff,        *
                                 *
       v.                        *
                                 *
UNITED STATES,                   *
                                 *
               Defendant.        *
**************************************
```

*Carol Anne Thompson*, The Federal Practice Group, Washington, DC, counsel for Plaintiff.

*Stephanie Fleming*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant.

## MEMORANDUM OPINION AND ORDER

**DIETZ, Judge.**

On March 3, 2022, the Court issued an opinion finding that Plaintiff, Ronald J. Driscoll, was wrongfully separated from the Army. *See* Op. & Order at 16, ECF No. 38 [hereinafter March 3 Op.]. The Court held that the Army committed procedural error by rejecting Driscoll's matters of mitigation and extenuation, which Driscoll was entitled to submit "[t]o ensure due process" in the separation proceedings under the Army's Qualitative Management Program ("QMP"). *Id.* at 11-12 (quoting Military Personnel ("MILPER") Message 16-251 ¶ 6b). Further, the Court held that the Army Board for the Correction of Military Records ("ABCMR") misapplied the presumption of regularity to uphold the separation decision and that the ABCMR's consideration of Driscoll's matters of mitigation and extenuation did not cure the original defective procedure. *Id.* at 12-15. To afford Driscoll appropriate relief for his wrongful separation under the Military Pay Act, 37 U.S.C. § 204, the Court remanded the case to the ABCMR with instructions for the ABCMR to: (1) "correct[] . . . Driscoll's military record to reflect his retroactive reinstatement to active duty in the United States Army effective November 1, 2017[;]" (2) "determine the amount of backpay and other benefits or allowances that Driscoll would have received but for his wrongful discharge[;]" and (3) "make any other corrections and take any other actions that are appropriate in light of the Court's decision that Driscoll's discharge was wrongful." *Id.* at 16.

On June 30, 2022, the government moved for reconsideration of the Court's ruling. *See* Def.'s Mot. for Reconsideration, ECF No. 41 [hereinafter Def.'s Mot.]. Identifying purported errors in the Court's instructions for the ABCMR, the government requests that the Court amend its remand order to:

> (1) direct ABCMR to reconsider the QMP's decision to separate Mr. Driscoll, considering his materials submitted in mitigation; (2) direct [Defense Finance Accounting Service ("DFAS")] (not ABCMR) to calculate backpay that would have been due to Mr. Driscoll for the period between November 1, 2017 and June 30, 2020; and (3) stay any reinstatement of or payment to Mr. Driscoll until the parties have an opportunity to review the remand decision . . . and until this Court issues a Final Judgment and Order.

*Id.* at 2-3.

The government's motion for reconsideration is **DENIED**. With respect to the government's first request, the ABCMR already considered Driscoll's matters in mitigation and extenuation and concluded that Driscoll would have been separated regardless of whether the submission was considered by the QMP Board. *See* AR 25, ECF No. 17. As explained in the Court's March 3rd Opinion, however, the ABCMR's consideration of Driscoll's submission cannot cure the original procedural defect during the QMP proceedings. *See* March 3 Op. at 15-16. With respect to the government's second and third requests, the Court believes that the government's proposed instructions regarding backpay and reinstatement to active duty do not conflict with the broad remand instructions contained in the Court's March 3rd Opinion. Nevertheless, while the Court concludes that reconsideration of its remand instructions is unnecessary, to avoid unintended and impermissible consequences of the Court's order, the Court will supplement its previous remand order to clarify its instructions.

I.   DISCUSSION

Rule 54(b) of the Rules of the United States Court of Federal Claims ("RCFC") states that "any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment[.]" RCFC 54(b). As opposed to RCFC 59 or 60, which address reconsideration of final judgments, RCFC 54(b) applies to reconsideration of interlocutory orders.[1] *See Fla. Power & Light Co. v. United States*, 66 Fed. Cl. 93, 97 (2005); *L-3 Commc'ns Integrated Sys., L.P. v. United States*, 98 Fed. Cl. 45, 48 (2011); *E&I Glob. Energy Servs., Inc. v. United States*, 152 Fed. Cl. 524, 530 (2021). Under RCFC 54(b), a court has wide discretion to revise its prior orders "as justice requires." *L-3 Commc'ns*, 98 Fed. Cl. at 48.

---

[1] The government brought is motion pursuant to RCFC 59(a) and 59(e). *See* Def.'s Mot. at 1. Because the Court's March 3rd Opinion and Order did not enter judgment but rather remanded the case and anticipated further proceedings before the Court, the motion should have been brought pursuant to RCFC 54(b), though the Court acknowledges that there is some debate on the point. *See E&I Glob. Energy Servs., Inc. v. United States*, 152 Fed. Cl. 524, 530-33 (2021). If RCFC 59 were to apply, the motion could be denied as untimely due to its being filed more than 28 days after the issuance of the order. *See* RCFC 59(e). Regardless, a court may modify its interlocutory orders pursuant to its inherent powers and RCFC 54(b). *See Fla. Power & Light Co. v. United States*, 66 Fed. Cl. 93, 96 (2005).

### A. Remand for Consideration of Driscoll's Matters of Mitigation and Extenuation

The government argues that the Court, having found that the ABCMR failed to correct an error in the QMP Board's consideration of Driscoll's matters of mitigation and extenuation, "should have remanded again to ABCMR to reconsider whether Mr. Driscoll's separation was warranted after considering" Driscoll's materials. Def.'s Mot. at 9. The Court addressed this argument in its March 3rd Opinion, stating that "the ABCMR's conclusion that Driscoll's separation was warranted, based upon a review of all the documents that should have been before the QMP Board if not for the error, does not cure the defective procedure" because the error is not amenable to harmless error review. March 3 Op. at 15-16 (citing *Dodson v. United States*, 988 F.2d 1199, 1206 (Fed. Cir. 1993)).

The government's argument that "the Court mistakenly concluded that the ABCMR was not empowered to reach a decision on retention or separation" misreads the Court's opinion. *See* Def.'s Mot. at 9. The Court did not rule that the ABCMR had no authority to make a separation decision but rather ruled that the ABCMR could not *cure* the defective separation procedure with a post hoc determination that Driscoll would have been separated even if the QMP Board considered his full file. *See* March 3 Op. at 15-16. This conclusion goes to the harmlessness of the error. *See id.* As the Court explained, the QMP Board's "unbridled discretion in deciding whether to recommend Driscoll for denial of continued service" precludes harmless error review, which "requires 'reviewable standards or factors [that] constrain the exercise of discretion' so that a court may assess the effect of an error on the outcome." *Id.* at 15 (citing *Wagner v. United States*, 365 F.3d 1358, 1365 (Fed. Cir. 2004)). Thus, even if the ABCMR has the authority to convene a selection board to make a separation decision *de novo*, such a decision does not change the fact that the original separation procedure was defective, entitling Driscoll to relief for his wrongful separation. Accordingly, the Court denies the government's request to instruct the ABCMR to conduct another *de novo* review of Driscoll's full file to determine whether his separation was warranted.

### B. Remand for Calculation of Backpay and Correction of Records

The government also argues that the Court's remand instructions impermissibly require the ABCMR to place Driscoll on active duty beyond the date on which his enlistment would have otherwise ended. *See* Def.'s Mot. at 6-8. According to the government, this would improperly expand the period to which Driscoll is entitled to backpay and would result in immediate payment to Driscoll before the parties have an opportunity to discuss the need for further proceedings before the Court. *Id.* at 8-10. Finally, the government argues that the Court should have instructed DFAS, not the ABCMR, to calculate Driscoll's backpay. *Id.* at 10. The Court disagrees with the government's inflexible reading of the Court's instructions, but the Court will supplement its remand order to clarify its instructions.

"[N]o one has a right to enlist or reenlist in the armed forces unless specially granted one[.]" *Dodson*, 988 F.2d at 1208. Thus, this Court "lacks the authority to order reinstatement after a servicemember's enlistment term has expired." *Harper v. United States*, 104 Fed. Cl. 287, 293 (2012) (citing *Dodson*, 988 F.2d at 1208). Further, "an enlisted serviceman who has been

3

improperly discharged is entitled to recover pay and allowances only to the date on which his term of enlistment would otherwise have expired had he not been so discharged." *Dodson*, 988 F.2d at 1208.

Driscoll is entitled to backpay and correction of his records to reflect active duty only until the point at which his enlistment otherwise would have concluded. According to the government, Driscoll would have reached a retention control point ("RCP") after twenty years of service on June 30, 2022, at which point he would have been "allowed to apply to retire, or would have been separated."[2] Def.'s Mot. at 7. The Court instructed the ABCMR to correct Driscoll's record "to reflect his retroactive reinstatement to active duty" effective as of the date of his wrongful discharge, and to "determine the amount of back pay and other benefits or allowances that Driscoll would have received but for his wrongful discharge." March 3 Op. at 16. Further, the Court allowed the ABCMR to "make any other corrections and take any other actions that are appropriate in light of the Court's decision[.]" *Id.* Despite the government's contentions, nothing in these instructions prevented the ABCMR from using Driscoll's RCP as the end date for Driscoll's active-duty status and for his entitlement to back pay, and nothing required the ABCMR to place Driscoll on present active duty. Further, the Court's instruction that the ABCMR shall "determine" the back pay owed to Driscoll did not require that the ABCMR perform the calculations itself or prohibit the ABCMR from referring the matter to DFAS to make the calculations.

Nonetheless, the Court will clarify its instructions with a supplemental remand order. Based on the government's representations about Driscoll's RCP, Driscoll may have been eligible to apply for retirement at the time at which his enlistment would have concluded if not for the wrongful separation. *See* Def.'s Mot. at 7. Because Army Regulation 635-200 ¶ 12-7 provides that soldiers are "eligible, but not entitled, to retire upon request" after reaching twenty years of active service, the Court will direct the ABCMR to determine whether Driscoll would have been retired upon request if not for the wrongful separation. *See Lowry v. United States*, 2021 WL 4888874, at *5 (Fed. Cl. Oct. 19, 2021) (instructing the Board for the Correction of Naval Records to determine whether a plaintiff would have been transferred to the Fleet Reserve if not for his wrongful separation).

## II.     CONCLUSION

For the reasons above, the Court **DENIES** the government's motion for reconsideration, ECF No. 41. The stay of the remand proceedings is **LIFTED**. The remand instructions contained in the March 3, 2022 Opinion and Order are supplemented as follows.

On remand, the ABCMR shall:

1. Determine the date on which Driscoll's enlistment would have ended if not for the wrongful separation;

---

[2] Neither party discussed this fact or date during the briefings on the parties' cross-motions for judgment on the administrative record.

2. Correct Driscoll's records to reflect active-duty service from the date of Driscoll's wrongful separation through the date on which Driscoll's enlistment would have ended, if not for the wrongful separation;

3. Direct DFAS to calculate the amount of back pay and other benefits or allowances that Driscoll would have received had he remained on active duty through the date on which his enlistment would have ended, if not for the wrongful separation;

4. Determine whether Driscoll would have been eligible to apply for retirement as of the date on which his enlistment would have ended, if not for the wrongful separation;

5. Permit Driscoll to submit materials in support of his request for retirement, if he would have been eligible for retirement as of the date on which his enlistment would have ended, if not for the wrongful separation;

6. Determine what criteria the Secretary of the Army would have used to determine whether to grant Driscoll's application for retirement, if he would have been eligible for and applied for retirement as of the date on which his enlistment would have ended, if not for the wrongful separation;

7. Determine whether, upon application of those criteria and consideration of any materials that Driscoll wishes to submit, Driscoll's request to retire would have been granted or denied;

8. Make any other corrections and take any other actions that are appropriate in light of the Court's decision that Driscoll's separation was wrongful and the decisions reached by the ABCMR with respect to the instructions in this Order.

Remand proceedings **SHALL BE COMPLETED** within 120 days of this Order. Any payments owed to Driscoll as a result of the remand are **STAYED** until the Court issues a final judgment.

The parties **SHALL FILE** a joint status report every sixty days advising the Court of the status of the proceedings on remand. The Court will retain jurisdiction over the case during the remand period and **STAYS** the case during such time.

Pursuant to RCFC 52.2(e), the parties **SHALL FILE** notice with the Court within thirty days of the ABCMR's completion of its actions on remand stating whether such actions afford a satisfactory basis for the disposition of the case and whether the parties require further proceedings before the Court.

The Clerk is directed to serve a certified copy of this Memorandum Opinion and Order on the Army Board for Correction of Military Records at the following address:

> Alexander Conyers
> Department of the Army
> Army Review Boards Agency
> 251 18th Street South, Suite 385
> Arlington, VA 22202-3531

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge
